UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-80271-CIV-MARRA

HERBERT ROTHCHILD and
AUDREY ROTHCHILD, his wife,

       Plaintiffs,

v.

CRANE CO., FOSTER WHEELER
ENERGY CORPORATION;
LORILLARD TOBACCO COMPANY;
OWENS-ILLINOIS, INC., f/k/a OWENS
BOTTLE MACHINE CORP., f/k/a
OWENS BOTTLE CO., f/k/a OWENS-ILLINOIS
GLASS CO.; UNION CARBIDE
CORPORATION,

       Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Union Carbide's Motion to Dismiss and Incorporated Memorandum of Law [DE 23]. The motion is ripe for this Court's review. The Court has reviewed all submissions relating to this motion and is otherwise duly advised in the premises.

**A. BACKGROUND**

This is an asbestos case in which the Amended Complaint alleges that Herbert Rothchild contracted mesothelioma as a result of his exposure to asbestos-containing products manufactured, sold, supplied and/or distributed by all of the Defendants. [DE 4 at 2, ¶3]. Union Carbide argues that the Amended Complaint is fatally vague as to Union Carbide. It notes that

1

the Amended Complaint "never asserts what product Union Carbide manufactured or distributed, what conduct forms the basis of Union Carbide's asserted liability, what products allegedly caused the asserted injuries, or when, how, or where any such products allegedly did so." [DE 23 at 2].   It argues that all claims have been asserted against all Defendants without any specific factual support. Union Carbide says, "Simply put, what made Plaintiffs sue Union Carbide, as opposed to the countless other defendants sued in connection with asbestos litigation?" [DE 30 at 2].

In response, Plaintiffs assert that their Amended Complaint satisfies the pleading requirements of Fed. R. Civ. P. 8(a)(2) and that the facts will be elicited during discovery. [DE 28 at 3-5].

Neither Party has referred to the Exposure Sheets that were filed in the state court action prior to the removal to this Court.  These identify Union Carbide's product Bakelite, which is stated to contain asbestos.  They further indicate that Herbert Rothchild was exposed to this product at the Polyplastic Packaging Co., Inc. in Boynton Beach, Florida between 1961 and 2003. [DE 1-2 at 24].  Since neither Party raised this, and this information does not appear anywhere in the Amended Complaint, the Court has not taken this information into account in rendering this decision.

### B.  Legal Standard

With respect to a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court observes first that Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The Supreme Court has held that "[w]hile a complaint attacked by a 12(b)(6) motion to

dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'". *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.

When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). As a general rule, the Court must "limit[] its consideration to the pleadings and exhibits attached thereto" when deciding a Rule 12(b)(6) motion to dismiss. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)(internal quotation marks and citation omitted).

### C.  DISCUSSION

Under even the most liberal interpretation of Rule 8(a)(2), Plaintiffs' Amended Complaint fails to state a claim against Union Carbide.  The Amended Complaint contains no factual content as to Union Carbide that would allow this Court to draw the reasonable inference that Union Carbide is liable for the misconduct alleged. Plaintiffs' argument that discovery will

uncover these facts is misplaced. As recently noted by the Eleventh Circuit, "why should parties wait until discovery to identify, with precision, the subject of the litigation? That is exactly backward. Civil pleadings are supposed to mark the boundaries for discovery; discovery is not supposed to substitute for definite pleading." *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1127 (11th Cir. 2014).

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant Union Carbide's Motion to Dismiss **[DE 23]** is **GRANTED**. Plaintiffs' Amended Complaint is **DISMISSED WITHOUT PREJUDICE** as to Union Carbide only. Plaintiffs are given thirty (30) days from the date this Order is entered to further amend their complaint to assert their case against Union Carbide with more specificity.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 1st day of August, 2014.

_____
KENNETH A. MARRA
United States District Judge