UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-80271-CIV-MARRA

HERBERT ROTHCHILD and
AUDREY ROTHCHILD, his wife,

       Plaintiffs,

v.

CRANE CO., FOSTER WHEELER
ENERGY CORPORATION;
LORILLARD TOBACCO COMPANY;
OWENS-ILLINOIS, INC., f/k/a OWENS
BOTTLE MACHINE CORP., f/k/a
OWENS BOTTLE CO., f/k/a OWENS-ILLINOIS
GLASS CO.; UNION CARBIDE
CORPORATION,

       Defendants.
_____/

## OPINION AND ORDER

This cause is before the Court upon Lorillard Tobacco Company's Motion to Strike Certain Allegations From Plaintiff's First Amended Complaint [DE 25]. The motion is ripe for this Court's review. The Court has reviewed all submissions relating to this motion and is otherwise duly advised in the premises.

Lorillard seeks to have the Court strike two portions of the Amended Complaint. Paragraph 20(g) states that

> Each Defendant who was in the business of manufacturing, selling
> and/or distributing products during the times pertinent to this suit,
> was negligent and/or failed to exercise reasonable care in one,
> some and/or all of the following respects, the same being the
> proximate cause of Plaintiff's injuries and eventual death:

1

> g. In affirmatively misrepresenting to Plaintiff and other members of the public in advertising, by labels or otherwise, that the asbestos and/or asbestos-containing/contaminated products milled, mined, manufactured, sold and/or distributed were safe in their ordinary and foreseeable use, which material misrepresentations induced Plaintiff to unknowingly expose himself to the hazards of developing injuries including, but not limited to, mesothelioma, asbestosis, lung cancer and/or other forms of cancer.

[DE 4 at 5, 7].

Lorillard argues that the conclusory allegations of affirmative misrepresentation contained in this paragraph sound in fraud and are irrelevant to Plaintiff's claims. [DE 25 at 2]. It further argues that these allegations are scandalous matter meant to inflame the reader and prejudice Lorillard.

Lorillard makes similar arguments relative to the allegations in Paragraph 39 of the Amended Complaint. This paragraph states:

> As a direct and proximate result of the negligence, carelessness, gross negligence, strict liability, and/or willful omissions of the Defendants as described herein, Plaintiff was caused to contract mesothelioma herein causing Plaintiff pain, suffering and mental anguish.

[DE 4 at 12].

Lorillard objects to the phrase "gross negligence . . . and/or willful omissions" as immaterial and irrelevant and an improper attempt to seek punitive damages. [DE 25 at 3].

Lorillard seeks to have the language in these two paragraphs stricken. In the alternative, it seeks an order clarifying that these allegations shall be construed by the Court solely as allegations of fact. [*Id*. at 4].

In response, Plaintiff states that the language in Paragraph 20 is a factual allegation in

support of Plaintiff's negligence cause of action.  Plaintiff argues that the language in Paragraph 39 is relevant to Plaintiff's negligence claim and confirms that Plaintiff is not seeking punitive damages. [DE 29 at 3].  Plaintiff has, therefore, essentially agreed to Lorillard's alternative request for relief.

Having reviewed the Amended Complaint, and the arguments of the Parties, the language objected to does not meet the standard necessary to warrant striking the language from the Amended Complaint.  Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  A motion to strike, however, is disfavored.  As noted in *Regions Bank v. Commonwealth Land Title Ins. Co.*, No. 11-23257-CIV-RNS, 2012 WL 5410609, at *2 (S.D. Fla. Nov. 6, 2012),

> "courts consider striking a pleading to be a 'drastic remedy to be resorted to only when required for the purposes of justice.'"*Exhibit Icons, LLC v. XP Cos.*, 609 F. Supp. 2d 1282, 1300 (S.D. Fla. 2009) (Marra, J.). Motions to strike are generally viewed with disfavor, *see Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC,* 2010 WL 5393265, at *1 (S.D. Fla. Dec. 21, 2010) (Cooke, J.), in part because they "waste time by requiring judges to engage in busy work and judicial editing without addressing the merits of a party's claim,"*see U.S. Bank Nat'l Ass'n v. Alliant Energy Res., Inc.*, 2009 WL 1850813, at *3 (W.D. Wis. June 26, 2009) (Crabb, J.). "Motions to strike," therefore "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."*See Seibel v. Society Lease, Inc.*, 969 F.Supp. 713, 715 (M.D.Fla.1997) (Kovachevich, J.).

With the clarification provided by Plaintiffs in their responding papers, the Court does not think that the language in the Amended Complaint is inappropriate.  Furthermore, should this case ultimately go before a jury, the Court's charge will set forth the law to be applied by the jury.

3

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Lorillard Tobacco Company's Motion to Strike Certain Allegations From Plaintiff's First Amended Complaint **[DE 25]** is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 1st day of August, 2014.

                                                          KENNETH A. MARRA
                                                          United States District Judge